■ In the Matter of COLONIE THEATER, Respondent, v CITY OF SCHENECTADY et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Amyot, J.), entered May 4, 1981 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to permanently enjoin the City of Schenectady from suspending or revoking petitioner's license to operate a motion picture theater pursuant to city ordinance 79-23A. Petitioner is a business licensed by respondent City of Schenectady to operate a motion picture theater. On February 23, 1981, petitioner received notice that a hearing would be held pursuant to section 5-4 of the city's public amusement ordinance to determine whether its license to

operate the movie theater should be suspended or revoked.* The basis for this action was a determination by a Judge of the Schenectady Police Court that films exhibited at the theater on February 8, 1981 were obscene as defined in section 235.00 of the Penal Law. Prior to the hearing, petitioner obtained an order to show cause temporarily restraining respondents from acting against it under the ordinance. Following a hearing, Special Term rendered an oral decision declaring the ordinance unconstitutional as applied to petitioner as a prior restraint of speech violative of the First and Fourteenth Amendments of the United States Constitution. An order was subsequently entered permanently enjoining respondents from acting under the unconstitutional portion of the ordinance in an effort to suspend or revoke petitioner's license. This appeal by respondents ensued. It is our view that the portion of the City of Schenectady ordinance which allows the revocation or suspension of petitioner's license to operate a motion picture theater on the basis of a judicial finding that it has shown an obscene film in the past is an unconstitutional prior restraint of free speech. Based on the United States Supreme Court's landmark decision in *Near v Minnesota* (283 US 697), which held that the injunction of future publication of a newspaper because it had violated a nuisance statute by publishing malicious, scandalous and defamatory material in the past was an unconstitutional prior restraint, numerous courts have struck down statutory schemes whereby a movie theater's right to show films in the future could be curtailed or terminated based upon the content of films it had exhibited in the past (see, e.g., *Vance v Universal Amusement Co.,* 445 US 308; *Entertainment Concepts v Maciejewski,* 631 F2d 497, cert den 450 US 919; *Natco Theatres v Ratner,* 463 F Supp 1124; *Alexander v City of St. Paul,* 303 Minn 201). The rationale in these cases is that a finding of unprotected present conduct should not serve as the basis for the prohibition of future conduct that may well fall within the purview of the First Amendment (*Universal Amusement Co. v Vance,* 587 F2d 159, 165-166, affd 445 US 308). Accordingly, the judgment of Special Term should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.

---

* The relevant portion of City of Schenectady Ordinance No. 79-23A is as follows: "Sec. 5-4. Suspension or Revocation of Licenses. (a) The Office of Consumer Protection may, in its discretion, after notice to the licensee and an opportunity for a prompt hearing before the Director of Consumer Protection, suspend or revoke a license granted under this Article if (i) a judge of the Schenectady Police Court, Schenectady City Court, or Schenectady County Court or a justice of the New York Supreme Court determines that a show, play, film, or other exhibition at the licensed premises is obscene as defined in section 235 of the New York Penal Law; or (ii) the Chief of the Department of Fire or of the Department of Police determines that the licensed premises constitute a menace [*sic*] to the health, safety or general welfare of the public."